1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **DISTRICT OF NEVADA**

10 * * *

11

12 MARILYN SPROULE VACA, and          )          Case No.: 2:08-cv-0940-RLH-LRL
RAYMOND VACA, JR., husband and wife,  )

13                                    )          **O R D E R**
                Plaintiffs,          )

14                                    )          (Motion to Reconsider Order and
        vs.                          )          Objection to the Court Order Denying
                                     )          Defendant's Motion to Quash Depositions

15 RIO PROPERTIES, INC.,             )          and for Protective Order–#191
                                     )          Motion to Strike–#197)

16                Defendant.         )
   _____)

17

18              Before the Court is an Order (#189), filed June 11, 2010, entered by the Honorable

19 Magistrate Judge Lawrence R. Leavitt regarding Defendant Rio Properties, Inc.'s Motion to Quash

20 Depositions and for Protective Order (#182), filed May 17, 2010.   Defendant Rio Properties filed

21 their **Motion to Reconsider Order and Objection to the Court Order Denying Defendant's**

22 **Motion to Quash Depositions and for Protective Order** (#191) on June 21, 2010 in accordance

23 with Local Rule LR IB 3-1 of the Rules of Practice of the United States District Court for the

24 District of Nevada.  Plaintiffs Marilyn Sproule Vaca and Raymond Vaca, Jr. (collectively,

25 "Vacas") filed a Response (#193) on June 24, 2010.

26 /

AO 72
(Rev. 8/82)

Also, before the Court is the Vacas' **Motion to Strike Defendant's Motion** (#197), filed June 24, 2010.  The Court has also considered Rio Properties' Response (#200), filed July 6, 2010, and the Vacas' Reply (#204), filed July 14, 2010.

**DISCUSSION**

**I.      Rio Properties' Motion**

Local Rule IB 3-1 allows a district judge to reconsider a magistrate judge's decision on a pretrial matter when a party serves written objection to the ruling, together with supporting points and authorities, within ten days from the date of service of the magistrate judge's ruling. The opposing party may file points and authorities in opposition within ten days thereafter.[1]  After conducting a *de novo* review of the record in this matter in accordance with 28 U.S.C. § 636(b)(1)(A) and LR IB 3-1, and having considered the parties' briefing, the Court finds that Judge Leavitt's order is not clearly erroneous or contrary to law, and should be affirmed.

Rio Properties argues that they submitted an affidavit showing they engaged in a good faith effort to confer with the Vacas prior to filing its motion contrary to what Judge Leavitt states in his order.  The affidavit, however, does not show this.  The affidavit submitted to Judge Leavitt merely states that the parties conferred in some way and that Rio Properties advised the Vacas' that it would file a motion if the Vacas noticed the depositions at issue.  (Dkt. #191, Ex. A.)  This is not the same as what Rio Properties contends the affidavit says.  The moving party must adequately set forth sufficient essential facts enabling the Court to pass a preliminary judgment on the question of good faith conferment between the parties.  *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  Rio Properties did not do so.  Rio Properties further argues that they made sufficient statements in the relevant reply.  Even if they

---

[1] Rio Properties filed a Reply (#199) on July 6, 2010 to the Vacas' Response.  The Rules do not allow for a reply in an objection scenario and so it was not considered.  LR IB 3-1.

AO 72
(Rev. 8/82)

did, the required information must be in the certification with the motion, not a reply.  Including

something in a motion, response, or reply is not the same as including it in a certification.

**II.      Plaintiffs' Motion to Strike**

The Vacas' argue that Rio Properties' motion was unauthorized under the Federal

Rules of Civil Procedure or the Local Rules.  However, the Local Rules do authorize an objection

as explained above.  Therefore, the Court denies the Vacas' motion.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Rio Properties' Motion to Reconsider Order and

Objection to the Court Order Denying Defendant's Motion to Quash Depositions and for

Protective Order (#191) is DENIED.

IT IS FURTHER ORDERED that the Vacas' Motion to Strike (#197) is DENIED.

Dated: October 14, 2010.

**ROGER L. HUNT**
**Chief United States District Judge**