# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARILYN SPROULE VACA and RAYMOND VACA, JR., | ) ) ) |
| Plaintiffs, | ) ) ) 2:08-cv-00940-RLH-LRL |
| v. | ) ) **O R D E R** |
| RIO PROPERTIES, INC., | ) ) |
| Defendant. | ) ) |

Before the court are plaintiffs' Motion to Determine Sufficiency of Defendant's Objections and Answers to Requests for Admissions, [and] to Compel Interrogatories (#187) and Motion for Sanctions (#188). The court has considered the motions (## 187, 188), which were filed as one document, the defendant's Oppositions (## 195, 196), and plaintiffs' Replies (## 202, 203).

Plaintiffs in this premises liability case served their second request for admissions and three interrogatories on defendants on April 22, 2010. Defendant timely mailed its responses on May 20, 2010. Defendant denied, objected to, then admitted or denied, or provided a qualified admission to each request. *See* Exh. 4 to Mot. (#187). Defendant objected to all three interrogatories. The parties conferred telephonically to discuss their differences. On June 4, 2010, plaintiffs' counsel emailed a draft of the instant motion to defendant "to allow defendant's counsel additional time to review defendant's position." Mot. (#187) at 3. On June 8, 2010, defense counsel sent an email indicating that defendant would not be changing its responses. *Id.* Plaintiffs move the court to determine the sufficiency of the defendants' answers and objections to its Request Nos. 2, 3, 5, 6, 8, 9, 11, and 12 pursuant to Rule 36(a)(6). Plaintiffs ask the court to order all of the contested requests admitted and to order defendant to answer Interrogatory Nos. 1, 2, and 3. In the Motion for Sanctions (#188),

plaintiffs seek sanctions in the form of attorneys fees and costs for defendant's alleged failure to respond to the interrogatories and its inappropriate responses to plaintiffs' requests.

Requests for admission are used to establish admission of facts about which there is no real dispute. Claudia Wilken, *7 Moore's Federal Practice - Civil* § 36.03. When a request for admission is properly drafted, the answering party should have little or no difficulty responding. *Id.* In response to an unambiguous, succinct, but specific request for admission the responding party should simply be able to agree or disagree with the request, that is, to admit or deny the request, to explain succinctly why it is not possible to answer, or to offer any other necessary qualification. *Id.* If the matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. *Id.* at § 36.12[1]. The party opposing a challenge to the sufficiency of a response has the burden of persuasion to show that its objection to the request was warranted or that the answer to the request was sufficient. *Id.* "Unless the court finds an objection justified, it must order that an answer be served." Rule 36(a)(6). "On finding that an answer does not comply with Rule 36, the court may order either that the matter is admitted or that an amended answer be served." *Id.* The losing party may be required to pay the opposing party's fees and expenses in accordance with Rule 37(a)(5), because the provisions of Rule 37 apply to the award of expenses. *Id.*; *see also* Rule 37(a)(5).

**Request Nos. 3, 6, and 8**

Defendants objected to Request Nos. 3, 6 and 8 and then denied them essentially on the basis that they lacked sufficient information or knowledge to enable them to admit or deny. Exh. 4 to Mot. (#187). Such a response confuses failure to admit or deny with denial; nevertheless, insofar as the responses may be interpreted as stating an answer in which the matter is neither admitted nor denied, they are incomplete. If defendants cannot obtain the information necessary to fully respond to plaintiffs' requests for admission, they must state that they "made reasonable inquiry and that the information [they] know[] or can readily obtain is insufficient to enable [them] to admit or deny." Rule 36(a)(4). A technical defect of this character does not merit the extreme sanction of giving an answer the automatic effect of an admission. Hence, the court will order defendants to amend their responses to

conform with the requirements of Rule 36.

**Request Nos. 2 and 5**

Defendant admitted Request Nos. 2 and 5 but in a qualified fashion. Request No. 2 asks defendant to admit that plaintiff suffered an injury to her right ankle from the incident described in plaintiffs' third amended complaint. Defendant objected on grounds that the question is vague insofar as there is no third amended complaint filed in this case, that the question calls for a medical opinion regarding whether or not the alleged injury has occurred, and is vague as to how plaintiff defines "injury." Defendant then admitted that plaintiff suffered a bruised ankle and denied any other injury from the incident described in the Amended Complaint. It is permissible for a party to qualify an answer or partial denial when good faith requires it to do so. Rule 36(a)(4). The Amended Complaint claims multiple injuries, including continuing pain. Defendant is willing to admit that plaintiff suffered an injury in the form of a bruised ankle but nothing else. To admit only that, and to deny all other unspecified injuries, defendant reasonably qualified its answer.

Request No. 5 asks defendant to admit that the totals listed on Exhibit "A" and Exhibit "B" are arithmetically correct. Defendant admitted as much, then in an apparent abundance of caution, qualified its admission so as to make clear that it admits only that the mathematical calculation on the exhibits is correct; not that the numbers in the exhibits are relevant, accurate, authentic, reasonable, and without regard to the origins of the information. The court disagrees with plaintiffs that defendant qualified the answer "so that is has no effect." Reply (#201) at 5. Defendant admitted that the totals are arithmetically correct – the request that was asserted. The qualification is not an obfuscation, but more clearly specifies what is admitted, which here is only what plaintiffs requested it to admit: an arithmetical summation. It is permissible for a party to reasonably qualify an answer when good faith requires it to do so. Rule 36(a)(4).

**Request Nos. 9 and 12**

Both requests ask defendant to admit that certain documents are business records within the meaning of Federal Rule of Evidence 803(6). Defendant objects that the requests are vague and

improper because to establish whether hearsay is admissible pursuant to the Federal Rules of Evidence, it must first be established that the hearsay evidence is relevant for trial purposes. Without waiving the objections, defendant denied the request. Such an explanation does not "fairly respond to the substance of the matter." Rule 36(a)(4). It is not clear whether defendant can neither admit nor deny the requests, or whether it denies the requests because it objects to them, or denies that the documents are relevant and admissible, or whether it substantively denies that the documents are business records. In its Opposition (#195), defendant explains its reasoning, including its hyper-vigilance to avoid admitting that the documents are admissible evidence, but it has not done so in response to the request. Defendant must amend its response.

**Request No. 11**

Defendant objected to Request No. 11 as compound in nature, then denied the request. Request No. 11 asks defendant to admit that two documents, "Investigating Guest Accidents," and a PowerPoint presentation given by Risk Management to all new employees to instruct in safety mentioned at the Rule 30(b)(6) deposition of Hayden Walker, are business records under Rule 803(6). While technically it is true that the request asks about two separate documents in one request, defendant could easily have provided a response as to each. Based on defendant's response, it is not clear whether it substantively denies that each document is a business record or whether the denial is based on the objection as compound. The court will order defendant to amend its response to respond substantively as to each document.

**Interrogatory Nos. 1, 2, and 3**

Plaintiffs also propounded three interrogatories, each of which demands additional information regarding defendant's responses to the Requests. Defendant purportedly lodged objections to each interrogatory. Plaintiff has not provided the court with a copy of defendant's responses to the interrogatories. The court is thus compelled to deny plaintiff's request for an order directing defendants to respond to the interrogatories. *See* LR 26-7(a).

Accordingly, and for good cause shown,

1  IT IS ORDERED that plaintiff's Motion Determine Sufficiency of Defendant's Objections and
2  Answers to Requests for Admissions, [and] to Compel Interrogatories (#187) is granted in part to the
3  following extent: Defendant shall, not later than November 10, 2010, provide amended responses to
4  plaintiffs' Request for Admission Nos. 3, 6, 8, 9, 11, and 12.
5  IT IS FURTHER ORDERED that in all other respects plaintiffs' Motion (#187) is denied.
6  IT IS FURTHER ORDERED that plaintiffs' Motion for Sanctions (#188) is denied.
7  DATED this 27th day of October, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**