UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARILYN SPROULE VACA and RAYMOND VACA, JR., <br><br> Plaintiffs, <br><br> v. <br><br> RIO PROPERTIES, INC., <br><br> Defendant. | 2:08-cv-00940-RLH-LRL <br><br> **O R D E R** |

Before the court is defendant's Motion for Sanctions (#201, filed July 8, 2010), to which plaintiff filed an Opposition (#205), and defendant a Reply (#207). Pursuant to the court's Minute Order (#217), defendant filed a Status Report (#219) on January 3, 2011 regarding the motion for sanctions (#201). The court thereafter ordered plaintiffs to file a response to the status report, which plaintiffs did on January 7, 2011. *See* Response (#221). For the following reasons the court will grant the motion in part.

Defendant seeks a variety of sanctions against the plaintiffs pursuant to Federal Rule of Civil Procedure 37(b)(2) for their noncompliance with the court's January 28, 2010 discovery order (#168) requiring plaintiffs to respond to defendant's Interrogatory Nos. 16 and 17 and Request for Production No. 10. Specifically, defendant requests an order (1) striking Paragraph XII of the Second Amended Complaint, which alleges mental suffering and loss of enjoyment of life; (2) providing an adverse presumption in favor of defendant; (3) awarding monetary sanctions; (4) awarding future sanctions, which would include finding plaintiffs in contempt of court and providing for the potential striking of the entire complaint; and (5) all other appropriate sanctions. Mot. (#201) at 9.

. . .

**Background**

In this personal injury action, plaintiffs Marilyn Sproule Vaca ("Mrs. Vaca") and Raymond Vaca, Jr. allege that Mrs. Vaca injured her ankle on a bed while staying at a Las Vegas hotel operated by defendant, Rio Properties, Inc. ("Rio"), in November of 2005. The Second Amended Complaint claims, among other things, that Mrs. Vaca has suffered severe mental pain and suffering and loss of enjoyment of life as a result of her alleged injury. Since 1991 Mrs. Vaca has been on disability and receiving social security benefits as a result of anxiety and depression; a fact which she disclosed in deposition. Opp'n (#163) at 1. Rio requested information regarding Mrs. Vaca's psychological treatment, which she had refused to produce on grounds that such information is privileged. Rio filed a Motion to Compel (#153) on November 25, 2009, requesting an order compelling Mrs. Vaca to answer and/or produce information concerning her psychological treatment.

On January 28, 2010, the court granted Rio's Motion to Compel (#153) and ordered plaintiffs to "not later than February 16, 2010, provide responsive answers to Interrogatory Nos. 16 and 17, and produce documents responsive to Request for Production No. 10, that concern only those psychological, mental or emotional examinations, consultations or treatment occurring on or after January 1, 2002." Order (#168). On plaintiffs' Objection (#169), the presiding district judge affirmed the court's order on April 20, 2010. *See* Order (#178). Discovery closed on June 14, 2010. Minutes (#164).

Not having received responsive documents from plaintiffs, defendant filed the instant motion on July 8, 2010. Plaintiffs maintain that they did provide supplemental answers to Interrogatory Nos. 16 and 17 in compliance with the court's Order (#168), as indicated in their Exhibit 2 to Opp'n (#205). Plaintiffs explain that the documents responsive to Request No. 10 would be held by two doctors: Gurjot K. Marwah, M.D., a psychiatrist, and Marcia Silberman, a psychologist. Plaintiffs' counsel, Gene G. Gulinson, represents that he sent a letter to defense counsel, Douglas J. Gardner, on May 4, 2010, requesting medical authorizations for Mrs. Vaca to sign so that Rio may obtain the records directly from the providers, but he didn't hear back from Gardner.

On July 20, 2010, twelve days after Rio filed the motion for sanctions, Gulinson telephoned

Gardner and asked about the authorizations. Gardner did not recall receiving the May 4 letter. Gulinson insisted he sent the letter and asked Gardner to withdraw the motion for sanctions. Gardner looked through the case file but didn't find evidence of the letter. Rio did not agree to withdraw the motion. Plaintiffs filed their opposition on the following day, July 21, 2010. At the time that Rio filed its Reply (#207) on August 2, 2010, it still was not in receipt of information responsive to Request No. 10. On December 21, 2010, the court ordered Rio to file a status report specifically regarding whether plaintiffs had produced the relevant discovery since the matter had been fully briefed. Minute Order (#217). Rio's January 3, 2011 Status Report (#219) indicates that at that time plaintiffs still had not produced the relevant documents. The court therefore ordered plaintiffs to respond. Minute Order (#220). Plaintiffs' Response (#221) acknowledges that it has not produced documents relevant to Request No. 10 but blames defendant for not having sent its medical authorization forms for Mrs. Vaca to sign.

**Discussion**

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions against a party that fails to provide discovery as required by the discovery rules or a court order. The court must determine whether the defalcation is by the party, the attorney, or both. Rule 37 sanctions are available to the court "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). The court has broad discretion regarding the type and degree of sanctions it can impose, *see Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 110 F.R.D. 363, 367 (D. Del. 1986) (citing *Nat'l Hockey League*, 427 U.S. at 642), but the sanctions must be just and related to the claims at issue. *Estate of Spear v. Comm'r of Internal Revenue Serv.*, 41 F.3d 103, 109 (3d Cir. 1994) (citing *Ins. Corp. of Ireland v. Compagnie Des Bauxites*, 456 U.S. 694, 707 (1982)). Rule 37(b)(2)(A) expressly authorizes the court to impose a variety of sanctions for a party's failure to obey a discovery order, including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

       (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;

       (iii) striking pleadings in whole or in part;

       (iv) staying further proceedings until the order is obeyed;

       (v) dismissing the action or proceeding in whole or in part;

       (vi) rendering a default judgment against the disobedient party; or

       (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The court also has the inherent power to police litigant misconduct and impose sanctions on those who abuse the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). These inherent powers exist in addition to the formal rules and legislative dictates designed to assist courts in their truth-seeking process. *See id.* at 46; *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1995) (noting that, under *Chambers*, the Federal Rules of Civil Procedure and Congressional statutes do not exhaust the district courts' power to control misbehaving litigants). Additionally, the court has the inherent authority to impose an appropriate sanction in order to protect the integrity of the judicial process. *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988).

All sanctions imposed for failing to comply with a discovery order must be reasonable in light of the circumstances, and a sanction is reasonable only if its character and magnitude are proportionate to the character and magnitude of the violation of the underlying discovery order, and the harmful consequences of that violation. Wayne D. Brazil, 7 *Moore's Federal Practice* § 37.50 (Matthew Bender 3d ed.). In view of the strong policy favoring resolution of cases on their merits, and since the magnitude of due process concerns grows with the severity of the sanction, courts uniformly have held that orders dismissing the action or granting judgments on default as sanctions for violating discovery orders are generally deemed appropriate only as a last resort, or when less drastic sanctions would not ensure compliance with a court's orders. *Id.*

4

Plaintiffs essentially argue they've demonstrated their diligence in attempting to comply with this court's production order insofar as they allegedly sent the May 4 letter asking that Gardner provide medical authorization forms so that Rio may obtain the psychological records directly from the mental health care providers. Plaintiffs explain that "[defendant's] counsel could have subpoenaed the records, however, the Court's Order did not require this, nor does Rule 34, Fed. R. Civ. Pro., and counsel felt it would be a waste of time and money to do so since Defendant would undoubtedly want to request the records directly from the mental health care providers just as he had from the medical healthcare providers." Response (#221) at 3. This remains plaintiffs' sole justification for non-compliance, some nine months after the district judge affirmed the court's order (#168) to produce the relevant documents; and despite evidence that Gardner did not receive such a letter.

Notwithstanding that the working relationship between counsel is apparently strained at best, counsel are expected to act with diligence and professionalism in complying with the court's orders. The court finds that instead, plaintiffs' counsel has abused the discovery process by engaging in unnecessary gamesmanship, the result of which has been delay and non-compliance with this court's order to produce documents responsive to Rio's Request No. 10.  Such behavior has forced defendant to invest time, effort and attorney's fees in a continuing effort to obtain relevant and useful discovery. Had plaintiffs previously been handed less severe sanctions for their failure to produce, one or more of the harsh evidentiary sanctions authorized by Rule 37(b) would now be appropriate. Fairness, however, requires that the plaintiffs and their counsel be given, and are hereby put on clear notice, that their continued failure to respond fully to defendant's Request No. 10 will invite the type of sanctions defendant currently seeks.

Rule 37(b)(2)(C) provides that, in addition to any of the sanctions authorized by Rule 37(b), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Pursuant to the provisions of Rule 37(b)(2), this court will require attorney, Gene Gulinson, to pay the reasonable

attorney's fees and expenses defendant incurred in connection with this discovery dispute.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Motion for Sanctions (#201) is GRANTED to the following extent: plaintiffs' counsel, Gene G. Gulinson, shall pay the reasonable expenses, including attorney's fees, incurred by defendant in making filings ## 201, 207, and 219.  Defendant will have until March 14, 2011 to file an affidavit of fees and costs

IT IS FURTHER ORDERED that the plaintiffs shall comply fully with this court's January 28, 2010 Order (#168)not later than <u>March 18, 2011</u>.

DATED this 3rd day of March, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**