UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARILYN SPROULE VACA and )
RAYMOND VACA, JR., )
                                                    )
                Plaintiffs, )
                                                    )   2:08-cv-00940-RLH-LRL
v.                                                )
                                                    )   **O R D E R**
RIO PROPERTIES, INC., )
                                                    )
                Defendant. )
                                                    )

  Before the court is defendant's Motion for Protective Order (#214, filed December 1, 2010). The court has considered the motion (#214), plaintiffs' Opposition (#215), defendant's Reply (#216), and plaintiffs' Affidavit Supporting Plaintiffs' Response (#218). The parties fulfilled the meet and confer requirements of LR 26-7 prior to defendant filing the motion.

  Discovery in this premises liability action originally was scheduled to close on May 4, 2009. Stipulated Discovery Plan and Scheduling Order (#80). On April 27, 2009, the court extended the discovery cut-off to November 6, 2009. Minutes (#122). On December 15, 2009, after a hearing on the matter, the court extended discovery once more to June 14, 2010. Minutes (#164).

  On April 22, 2010, plaintiffs propounded their Second Requests for Admissions and a related Second Set of Interrogatories. On May 12, 2010, plaintiffs noticed the depositions of Joe Howard, Stephanie Coulson, and Greg Hanusey. Defendant filed a Motion to Quash and for Protective Order (#182) regarding the depositions on May 17, 2010, which this court denied. Order (#189). As of the filing of the instant motion (#214), the parties had yet to complete the deposition of Greg Hanusey.

  On May 20, 2010, defendant provided its objections and responses to the Second Requests for Admissions and Second Set of Interrogatories. On June 11, 2010, plaintiffs filed a Motion to Determine

Sufficiency of Defendant's Objections and Answers to Requests for Admissions, [and] to Compel Interrogatories (#187). On October 27, 2010, the court ruled on the Motion (#187), upholding some of defendant's responses to the requests for admissions, ordering the defendant to amend several others, and denying the motion as it pertained to Interrogatory Nos. 1, 2, and 3. Order (#209). Defendant was ordered to provide amended responses to Request Nos. 3, 6, 8, 9, 11, and 12 not later than November 10, 2010. Discovery closed on June 14, 2010. On August 27, 2010, plaintiffs provided a Ninth Supplemental Disclosure Statement, which contains medical records and billing from a Dr. Kalyanam. Exh. B to Mot (#214). On October 29, 2010, plaintiffs provided a Tenth Supplemental Disclosure Statement, which contains the curriculum vitae of Arthur Schurgin D.O. and a records review report by Dr. Schurgin. *See* Exh C. to Mot. (#214) at ¶ 86. Also on October 29, 2010, plaintiffs provided their Second Set of Interrogatories to defendant.

By letter dated December 1, 2010, defense counsel, Douglas J. Gardner, contacted plaintiffs' counsel, Gene G. Gulinson, regarding defendant's amended responses to plaintiffs Second Requests for Admissions. Exh. B to Reply (#216). Gardner acknowledged the court's deadline of November 10, 2010 to provide the responses and explained that he believed the responses had been timely sent to plaintiffs. However, in going through the file to prepare for the instant motion, Gardner realized that the file was void of documentary proof that his office had mailed the responses. Accordingly, Gardner sent the responses, perhaps for the second time, and apologized for any inconvenience. Gulinson received the letter and amended responses by facsimile on December 1, 2010. The same arrived in the mail on December 3, 2010. Gulinson Aff. (#218). Gulinson attests that he had not received the responses prior to December 1 and 3, 2010. *Id.*

**Discussion**

Defendant takes the position that the ninth and tenth supplemental disclosures, as well as the interrogatories, are untimely insofar as plaintiffs propounded them well after the close of discovery. Defendant represents that the disclosures are not related to a pending motion or to discovery that was initiated prior to the close of discovery. Further, defendant worries that plaintiffs tenth supplemental

2

disclosure includes a belated attempt to identify Dr. Schurgin as an expert or rebuttal expert witness. Mot. (#214) at 4. Dr. Schurgin was not listed as a witness in plaintiff's List of Witnesses. *Id.* Although styled as a motion for protective order, defendant seeks an order of the court striking the supplements pursuant to Rule 37(c)(1) and protecting it from responding to the interrogatories pursuant to Rule 26(c).

Plaintiffs respond that Rule 26(c) protective orders do not apply to disclosures, and that "disclosure is not discovery." Opp'n (#215) at 3. Plaintiffs do not otherwise substantively respond to defendant's arguments with regard to the ninth and tenth supplemental disclosures or the interrogatories. Plaintiffs instead inform the court of their belief that Request Nos. 3, 6, 8, 9, 11, and 12 have been admitted insofar as defendant's amended responses were provided after the date set by the court in its Order (#209).[1] *See* Gulinson Aff. (#218). Plaintiffs' position seems to be that since they assume the admissions are admitted, they no longer need to use the information in the supplemental disclosures. Plaintiffs request an order of the court directing Greg Hanusey to appear for deposition at a date agreed upon by counsel. Opp'n (#215) at 4.

**Ninth and Tenth Supplemental Disclosures**

Under Rule 37(c)(1), "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." This is an either/or standard; non-disclosure must be either substantially justified or harmless to avoid being excluded under the Rule. *Galentine v. Holland America Line-Westours, Inc.*, 333 F. Supp. 2d 991, 993 (W.D. Wash. 2004) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)) (other citation omitted). "The sanction is automatic and mandatory unless the sanctioned party can show that its violation . . . was either justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *see also Yeti by Molly*, 259 F.3d at 1107.

Rule 37(c)(1)'s preclusion sanction may not come into play unless there first has been a violation

---

[1] Whether Request for Admissions 3, 6, 8, 9, 11, or 12 are admitted has not been decided by the court, nor is the issue now properly before the court.

3

of a disclosure obligation imposed by Rule 26(a) or 26(e) or the duty to amend prior responses imposed by Rule 26(e). Pursuant to Rule 26(e), the parties are under a continuing duty to supplement disclosures if they learn that (1) their initial disclosures are "incomplete or incorrect," and (2) "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The Advisory Committee notes for Rule 26(e) provide that supplementation "should be made at appropriate intervals *during the discovery period*." (emphasis added). Failure to follow the dictates of Rule 26 could result in sanctions under Rule 37(c)(1) unless the proffering party can show that it had a substantial justification for its failure, or that its failure is harmless. *Depew v. Shopko Stores,* Inc., 2006 U.S. Dist. LEXIS 1918, at *3 (D. Idaho January 6, 2006) (citing *Yeti by Molly*, 259 F.3d at 1106).

Defendant's motion with regard to the Ninth Supplemental Disclosure will be denied without prejudice. To trigger the exclusion sanction, generally a party must seek to use at trial or in connection with a motion evidence that it failed to disclose. 7 *Moore's Federal Practice* § 37.60. Here, plaintiffs have not attempted to use the new information or witnesses contained in the Ninth Supplemental Disclosure. Should plaintiffs attempt to do so at trial or in connection with a motion or hearing, defendant may, if it so chooses, pray for an order denying plaintiffs the use of that witness or evidence.

With regard to the Tenth Supplemental Disclosure, defendant focuses on the information in paragraph 86, and argues that plaintiffs have disclosed a rebuttal expert long after the court's deadline to do so. Although plaintiffs do not address in what capacity Dr. Schrugin's curriculum vitae and report were disclosed, paragraph 86 of the supplemental disclosure on its face appears to designate Dr. Schurgin as an expert or rebuttal expert. Pursuant to the court's Minutes (#122), the original deadline to disclose experts was extended by six months, to August 26, 2009. Defendant identified its expert, Firooz Mashood, on February 13, 2009. Accordingly, plaintiffs' deadline to disclose a rebuttal expert was March 13, 2009. Thus, whether the October 29, 2010 supplemental disclosure discloses a new expert or an expert in rebuttal to Dr. Mashood's report, the designation is untimely and made without leave of court. *See* Rule 16(b)(4). Dr. Schurgin's testimony and report should therefore be excluded

4

from trial unless plaintiffs can show that the untimely disclosure was substantially justified or harmless. *See* Rule 37(c)(1). Unfortunately, plaintiffs don't address, much less justify or excuse the untimely disclosure of Dr. Schurgin. The defendant's request to strike the untimely expert disclosure will be granted.

**Interrogatory Nos. 1, 2, and 3**

A court may issue protective orders in the interest of justice to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, by among other things forbidding disclosure or discovery. Rule 26(c)(1)(A). Through their previously filed Motion to Determine Sufficiency of Defendant's Objections and Answers to Requests for Admissions, [and] to Compel Interrogatories (#187), plaintiffs requested that the court order defendant to respond to plaintiffs' Second Set of Interrogatory Nos. 1, 2, and 3. Those interrogatories purportedly related directly to the second requests for admissions which were the subject of the motion (#187). In its Order (#209), the court denied plaintiffs' request for an order to compel defendant's response to Interrogatory Nos. 1, 2, and 3, on ground that plaintiffs had failed to provide the court with a copy of the interrogatories and defendant's responses as required by LR 26-7(a). Plaintiffs do not address why, in light of the court's order, they propounded the interrogatories again. Nor do they now address defendant's arguments regarding the interrogatories at all. A party's failure to provide points and authorities in response to a motion constitutes consent to the granting of the motion. LR 7-2(d). Defendant's motion for protective order will be granted with regard to plaintiffs' Second Set of Interrogatory Nos. 1, 2, and 3.

**Deposition of Hanusey**

Plaintiffs seek an order directing the parties to agree on a date and time to depose Hanusey. To the extent that defendant stated it "is amenable to agreeing upon a date and moving forward with the plaintiffs" to complete the deposition of Hanusey, plaintiffs' request for a court order requiring the parties to agree on a date for deposition is moot.

Accordingly, and for good cause shown,

. . .

1  IT IS ORDERED that defendant's Motion for Protective Order (#214) is GRANTED to the
2  extent that defendant is not required to answer plaintiffs' Second Set of Interrogatory Nos. 1, 2, and 3;
3  and Dr. Arthur Schurgin's report and findings are hereby stricken.
4  IT IS FURTHER ORDERED that defendant's Motion for Protective Order (#214) is denied
5  without prejudice in all other respects, consistent with the discussion herein.
6  DATED this 18th day of March, 2011.

*/s/ Leavitt*

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**