# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARILYNN SPROULE VACA, et al.,   )<br>                                )<br>     Plaintiffs,               )<br>                                )<br>v.                              )<br>                                )<br>RIO PROPERTIES, INC.,           )<br>                                )<br>     Defendant.                 )<br>_____) | 2:08-cv-00940-RLH-LRL<br><br>**O R D E R** |

This case comes before the court on plaintiffs' Motion for Reconsideration (#243). The court has considered the motion, non-party Dr. Firooz Mashhood's Response (#244), and plaintiffs' Reply (#246). Also before the court is Dr. Mashhood's Motion to Strike Plaintiffs' Motion for Reconsideration (#245). The court has considered the motion, plaintiffs' Response (#247), and Dr. Mashhood's Reply (#248).

*1. Dr. Mashhood's Motion to Strike Plaintiffs' Motion for Reconsideration (#245)*

Although not expressly authorized by the Local Rules or mentioned in any of the Federal Rules of Civil Procedure, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment ...." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005).

IT IS THEREFORE ORDERED that Dr. Mashhood's Motion to Strike Plaintiffs' Motion for Reconsideration (#245) is denied.

*2. Plaintiffs' Motion for Reconsideration (#243)*

Reconsideration is an extraordinary remedy that "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of*

1  *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)(citation omitted).  A motion for reconsideration is properly
2  denied when it presents no arguments that were not already raised in its original motion.  *See Backlund*
3  *v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).  Motions for reconsideration are not "the proper
4  vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316
5  (S.D.Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional
6  chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

7        Plaintiffs simply rehash the arguments they made previously.  They point to no newly discovered
8  evidence or intervening change in controlling law that would require reconsideration.  Nor does the
9  court believe it committed clear error or that its ruling will result in manifest injustice.  This case is over
10 three years old.  It appears to be a straight-forward premises liability action that has, in the
11 undersigned's view, been mired down in petty disputes and overly litigated.  Discovery closed more
12 than a year ago.  In this instance, the court has given plaintiffs' counsel, who is a seasoned litigator,
13 three full days to prepare for one deposition of an independent medical examiner.  It is not clear error
14 or manifest injustice to have done so.  It is time to complete Dr. Mashhood's deposition, close the book
15 on discovery, and move forward with either a case dispositive motion or a Joint Pretrial Order.
16 Accordingly, and for good cause shown,

17       IT IS ORDERED that plaintiffs' Motion for Reconsideration (#243) is denied.

18       IT IS FURTHER ORDERED that Dr. Mashhood's deposition shall be completed by September
19 9, 2011.

20       IT IS FURTHER ORDERED that either a dispositive motion or the Joint Pretrial Order shall
21 be filed not later than October 12, 2011.

22       DATED this 15th day of August, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**